IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES MESHACH LOMAX, #280316          *
                     Petitioner,
          v.                          *  CIVIL ACTION NO.  DKC-03-1267

SEWALL B. SMITH (WARDEN) and          *
THE ATTORNEY GENERAL OF THE
          STATE OF MARYLAND           *
                     Respondents.
                                      ******

## MEMORANDUM

Now pending before the Court is Petitioner James Lomax's 28 U.S.C. § 2254  Petition for writ

of habeas corpus; the State's Answer; and Petitioner's Traverse.  (Paper Nos. 1, 14, & 18).  After review

of these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing*

*Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)((2).  For

reasons to follow, the Petition will be denied and dismissed with prejudice.

## Procedural History

On January 23, 1997, Petitioner was charged in the Circuit Court for Baltimore City in two

separate cases with one count of resisting arrest and  six counts of drug possession, drug distribution, and

drug conspiracy.[1]  Paper No. 14, Exs. 1 & 2.   According to testimony presented by the State,  Police

Officer Darin Cover, working undercover in the Southeast Drug Unit on November 26, 1996,  witnessed

---

[1]       In *State v. Lomax*, Case No. 297023006, Petitioner was charged with possession with intent
to distribute cocaine, unlawful possession of cocaine, conspiracy to distribute cocaine, conspiracy to possess
with intent to distribute cocaine, unlawful conspiracy to violate CDS laws with respect to cocaine, and
resisting arrest.  Paper No. 14, Ex. 1; Ex. 5 at 91.  In *State v. Lomax*, Case No. 297023009, Petitioner was
charged with unlawful drug manufacture and distribution of cocaine.  *Id*., Ex. 2; Ex. 5 at 91.

Petitioner and two other individuals dealing drugs in the area of Fayette and Rose Streets.  Paper No. 14,

Ex. 5.  Based on information transmitted to other officers by Cover, Officer Scott Danielcyzk arrived on

the scene and stopped and searched Petitioner.  *Id*.  Danielcyzk testified that as he pulled plastic baggies

containing what appeared to be drugs out of Petitioner's jacket, Petitioner broke free and began to run.

 Officer Bravette Bull tackled Petitioner and took him into custody.  *Id*.

Petitioner was tried by a jury on October 16 and 19, 1998, and convicted on all seven counts.[2]

*Id*., Exs. 5 & 6.  On December 21, 1998, Circuit Court Judge Marcella A. Holland sentenced Petitioner

to a total of twenty years, the first ten to be served without parole.  *Id*., Exs. 1 & 7.

Petitioner noted an appeal, raising three questions:

I.      Did the suppression hearing court err in denying Petitioner's motion to suppress?

II.     Did the trial court abuse its discretion in allowing testimony from an expert witness on the required mens rea for the crimes of possession with intent to distribute cocaine and conspiracy?

III.    Did the sentencing court err in imposing a mandatory sentence of ten years without parole when the State failed to introduce evidence of the predicate conviction?

*Id*., Exs. 8 & 9.

On December 27, 1999, the Court of Special Appeals affirmed Lomax's convictions. *Id*., Ex. 10.

Petitioner filed a petition for certiorari, posing the following questions:

---

[2]      A pre-trial proceeding on a motion to suppress the seizure of the drug evidence was held before Judge Albert J. Matricciani on June 30, 1998, as to the second criminal information charging possession with intent to distribute cocaine.   Paper No. 14, Ex. 4.  Judge Matricciani denied the motion, concluding that there was probable cause to arrest Lomax given the testimony of undercover drug unit Officer Darin Cover with regard to his observations of Petitioner counting small packages, placing them back into larger packages, and handing them to co-defendants, who in turn exchanged them for cash on the street in broad daylight.  *Id*., Ex. 4 at 68.

1.      Did Officer Cover have probable cause to arrest based upon his observations and expertise?

2.      Was there plain error on the part of the motions judge to not reach the issue of Officer Cover's observations and expertise to establish probable cause or the issue of consent? and

3.      Was it error for the Court of Special Appeals to make a probable cause ruling based on the officer's observations and expertise when the motions court did not reach the issue or the issue of consent?

*Id.*, Ex. 11.

On April 13, 2000, the Court of Appeals of Maryland denied certiorari. *Id.*, Ex. 12. Petitioner subsequently filed a post-conviction petition in the Circuit Court for Baltimore City on October 19, 2000. *Id.*, Ex. 13.  Through seven subsequent filings, he submitted supplemental issues to the post-conviction court.[3] *Id.*, Exs. 14-20.   Following hearings before Circuit Court Judge Stuart Berger on December 3, 2001[4] and April 11, 2002, post-conviction relief was denied on September 18, 2002.[5] *Id.*, Exs. 21-22.

---

[3]      Altogether, more than seventy grounds were raised.

[4]      A transcript of the December 3, 2001, post-conviction hearing has not been provided to this court.   Respondents assert that the Chief Court Reporter for the Circuit Court for Baltimore City indicates that the recording equipment was not activated.  The post-conviction hearing transcript of the April 11, 2002 hearing is provided and includes the testimony of counsel Allen Cohen and rebuttal testimony from Petitioner. Paper No. 14, Ex. 21.

[5]      In his final supplemental post-conviction petition filed in February of 2002, Petitioner raised seven additional ineffective assistance of counsel claims.  Paper No. 14, Ex. 20.  Judge Berger initially found that it would be inappropriate for the court to consider the allegations, but reconsidered his decision with regard to the four ineffective assistance grounds related to counsel Allen Cohen.  *Id.*, Ex. 21 at 4 & 15-18. Respondents note, however, that the post-conviction court addressed all of Lomax's claims, including the arguments raised in all of the supplementary submissions.  According to Judge Berger, this included forty-three allegations of ineffective assistance of trial counsel; five allegations of sentencing error; ten allegations of judicial error; one allegation of juror error; five allegations of error due to prosecutorial misconduct/perjury of state witnesses; seven allegations of ineffective assistance of appellate counsel; and one allegation of general due process error.  *Id.*, Answer at 6, Ex. 22 at 2  n. 1, 3, &  6-66.

Petitioner's application for leave to appeal was summarily denied by both the intermediate and highest appellate courts. *Id.,* Exs. 23 and 24.

Petitioner filed this federal habeas corpus petition on April 22, 2003, raising seventy-nine grounds for review. The grounds have been categorized as follows:

1.      Petitioner received ineffective assistance of counsel during pretrial proceeding, voir dire, trial, sentencing, and appellate review.;

2.      Judge Matricciani committed judicial error at the pre-trial hearing;

3.      Judge Holland committed judicial error at trial and sentencing;

4.      The jury erred in finding Petitioner guilty of three counts of conspiracy;

5.      There was prosecutorial misconduct and the use of perjured witness testimony; and

6.      Petitioner's due process rights were violated.

## I. THRESHOLD CONSIDERATIONS

### A. Exhaustion of State Remedies

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by "fairly presenting" the claims in each state court so as to obtain review in the highest state court with jurisdiction to consider the claims. *See* 28 U.S.C. §2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). As Petitioner no longer has any state direct appeal or post-conviction remedies available to him with respect to the claims before this Court, his claims will be considered exhausted for the purpose of federal habeas corpus review.

**B.   Procedural Default**

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U. S. at 749-50 (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post conviction relief).  A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence.  *See Murray v. Carrier*, 477 U. S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977).  Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.  *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

Respondents contend that two of the twelve ineffective assistance of appellate counsel grounds raised by Petitioner are procedurally defaulted, specifically the grounds asserting that  appellate counsel (xi) did not raise the issue that Judge Matricciani erred at the motions hearing with regard to his finding that Officer Cover was an expert in CDS packaging and distribution at the time of Petitioner's arrest; and  (xii) did not raise the issue that Judge Matricciani abused his discretion at the motions hearing with regard to

finding that Officer Cover was an expert in CDS packaging and distribution at the time of Petitioner's arrest. These grounds were presented on post-conviction review as grounds of judicial error.[6] They were not argued in state court in the context of ineffective assistance claims and are deemed to be procedurally defaulted. Nonetheless, the court must consider whether it should reach the merits of these defaulted claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 at 318-20.

The miscarriage of justice standard is directly linked to innocence. *Id*. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 314. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. at 496; *Schlup*, *supra*. To meet this standard a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

Petitioner has failed to make the requisite demonstration of the the existence of cause for his failure to properly raise the instant ineffective assistance claims in the state courts, and to demonstrate the requisite prejudice resulting therefrom. Furthermore, he cannot demonstrate actual innocence as required pursuant to *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

---

[6]    As presented of claims of judicial error, Judge Berger denied the grounds. *See* Paper No. 14, Ex. 22 at 46-49.    Given the undersigned judge's review of the pre-trial, trial, and post-conviction transcripts and Judge Berger's findings with regard to the admission of Officer Cover's credentials as an expert, the Court would alternatively find these specific claims of ineffective assistance of appellate counsel to be without merit.

## II.  STANDARD OF REVIEW

Because this petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001).   AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law.  *See Bell v. Cone*, 535 U.S. 685, 693 (2002).  Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333,  n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*).  In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor explained that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-413.  A state court decision is based on an "unreasonable

application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2534-35 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

Further, federal courts must give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

With these standards in mind, the Court will address the merits of the Petition.

### III. PETITIONER'S CLAIMS

### Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of trial counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000). With regard to the first prong of this test, this Court "must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at

690.  All circumstances are to be considered, and this Court's scrutiny of counsel's conduct must be "highly

deferential." *Id*. at 688-89.  Even if counsel committed a professionally unreasonable error, relief can be

granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding

fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

A criminal defendant's right to effective assistance of counsel continues through a direct appeal.

*See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of appellate counsel may be shown

if a petitioner can "establish ... that counsel omitted significant and obvious issues while pursing issues that

were clearly and significantly weaker....Generally, only when ignored issues are clearly stronger than those

presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13

F.3d 528, 533 (2$^d$ Cir. 1994).  However, a criminal petitioner has not necessarily received ineffective

assistance when his counsel fails to present every non-frivolous issue on appeal.  An attorney may decline

to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger

arguments on appeal.[7]  *See Jones v. Barnes*, 463 U.S. 745, 752 (1983).

## A.  Ineffective Assistance at Pretrial Proceedings

Petitioner raises ten grounds under the "pre-trial" ineffective assistance category, claiming that

counsel Alan Cohen failed to: (i) challenge the criminal information of Office Danielcyzk; (ii) challenge the

criminal information of Officer Cover; (iii) raise an issue regarding Officer Danielcyzk's written charging

---

[7]      Appellate counsel cannot be found deficient for failing to present unmeritorious issues and issues not preserved for appellate review.  *United States v. Perry*, 908 F.2d 56, 59 (6$^h$ Cir. 1990) (strategic and tactical choices regarding the best issues to pursue on appeal "are properly left to the sound professional judgment of counsel"); *Smith v. Murray*, 477 U.S. 527, 534 (1986) (decision to forego a claim that has "little chance of success" does not amount to ineffective assistance of counsel).

document; (iv) object to the qualifications of Officer Cover at the motions hearing; (v) object to Officer Cover's qualifications at trial; (vi) point out that Judge Matricciani did not rule on the issue of Officer Cover's experience and expertise at the suppression hearing; (vii) object to Judge Matricciani's ruling that Officer Cover was an expert; (viii) protect his right to confront his accusers; (ix) challenge the chain of custody at the suppression hearing; and (x) object to Judge Matricciani's ruling denying the motion to suppress.  These grounds were raised and exhausted on post-conviction review.   Paper No. 14, Ex. 22 at 7-13 & 15-20; *see also* post-conviction grounds 1, 41, 65, 4, 6, 23, 44, 17, 18, & 23.  In his post-conviction decision, Judge Berger concluded that the grounds were without merit because they failed to state a claim upon which relief could be granted; were not supported by the facts presented in the pre-trial and trial transcripts; petitioner offered no legal authority or evidence to substantiate or support his allegations; Allen Cohen would not be deemed to have rendered ineffective assistance for failing to do frivolous, improper, useless, or impossible actions; and because petitioner failed to show that the allegations, if true, rise to the level of ineffective assistance of trial counsel.

### B.  Ineffective Assistance during Jury Proceedings

In this "voir dire" category Petitioner raises eight issues, claiming that Alan Cohen was ineffective because he: (i) permitted a law enforcement officer on the jury; (ii) failed to strike jurors connected to law enforcement or whose family members had been convicted of drug trafficking; (iii) failed to object with respect to juror 322; (iv) failed to ask jurors who had relationships with law enforcement officers whether it would affect their opinions in the case; (v) permitted the prosecution to say that the defense accepted jury 324; (vi) failed to object to the discharge of juror 328;  (vii) failed to handle the issue of the jury foreman's alleged inattention; and (viii) failed to have the jury panel questioned regarding any mental impairments.

10

These grounds were also raised and exhausted on post-conviction review.  Paper No. 14, Ex. 22 at 21-29; *see also* post-conviction grounds 45-46, 49, 55, 57, 59, 62, & 63.   Judge Berger denied these claims, finding that Petitioner had merely raised bald allegations, failed to provide supporting factual reasons or legal authority for his assertions, and recited incorrect facts not supported by the transcript.   The post-conviction court additionally concluded that Petitioner had failed to prove that the allegations, if true, rose to the level of ineffective assistance.

### C.  Ineffective Assistance at Trial

Petitioner raises a total of twenty claims under "trial," "testimony," and "following testimony" categories of ineffective assistance.  He asserts that trial counsel Alan Cohen had a conflict of interest with Petitioner because: (i) he indicated that the second verdict sheet was acceptable; (ii) he failed to effectively communicate with Petitioner; and (iii) he provided Petitioner advice regarding testimony and admissions. These grounds were argued and exhausted on post-conviction review.  Paper No. 14, Ex. 22 at 6-7; *see also* post-conviction grounds 28, 67, & 68.   Judge Berger concluded that Petitioner had failed to present legal authority to support his claims and presented bald allegations.  The Judge indicated that after review of the entire record, he was not persuaded that petitioner had established that counsel's actions were unreasonable under *Strickland*.

In addition, Petitioner claims that Cohen was ineffective for failing to: (iv) object to the testimony of Officers Danielcyzk, Bull, and Donahue being taught and schooled, and prompted by Officer Cover's statements; (v) object to the testimony of Danielcyzk and Bull by arguing that it was prompted by Cover's report; (vi) attack Cover's qualifications without previously objecting to them on direct examination; (vii) object to the question regarding the amount of CDS that indicates intent to distribute; (viii) object to Officer

Cover's testimony that he believed that individuals were working together; (ix) argue that evidence was insufficient since Officer Bull never testified to seizing drugs, just to delivering them; (x) object to conflicting evidence as to where two packages of drugs came from; (xi) properly cross-examine Officer Danielcyzk; (xii) object to Officer Bull reviewing Officer Cover's notes; (xiii) object to the fact that Bull did not have his own report; (xiv) object to a question regarding currency being recovered from "Rushawn" Rogers and Donald Castle; (xv) object to Officer Cover's testimony on the ultimate issue; and (xvi) object to questioning of the state's witness with respect to conclusions drawn based upon the quantity of drugs seized. These grounds were likewise argued and exhausted on post-conviction review.   Paper No. 14, Ex. 22 at 29-39; *see also* post-conviction grounds 2-3, 7-11, 31-32, 34, 36, 52, & 66.   Judge Berger concluded that Petitioner had failed to sustain his evidentiary burden in support of his claims,  presented bald allegations, failed to present supporting legal authority, presented incorrect facts regarding trial testimony, and otherwise failed to prove that counsel was ineffective.

Finally, Petitioner claims that following testimony, Mr. Cohen was ineffective when he did not: (xvii) (a) argue that the evidence was insufficient for counts 3-5 and (b) did not make a motion for mistrial when the jury considered improper testimony of the involvement of the co-defendants; (xviii)(a) raise the issue of lack of evidence on conspiracy and (b) object when the jury found Petitioner guilty of conspiracy; (xix) seek a  remedy regarding the 3 conspiracy counts; and (xx) review the second verdict sheet.  These grounds were likewise argued and exhausted on post-conviction review.   Paper No. 14, Ex. 22 at 39-42; *see also* post-conviction grounds 21, 24, 30, & 50.   Judge Berger found no merit to these claims, indicating that Lomax had failed to meet his evidentiary burden and merely presented bald allegations upon which relief could not be granted.

### D.  Ineffective Assistance at Sentencing

Under the "sentencing" category of ineffective assistance, Petitioner raises three claims.  He argues that Mr. Cohen: (i) failed to object to a sentence based upon a prior conviction where no test copy of the conviction was presented or admitted into evidence; (ii) made a "judicial admission" on behalf of the Petitioner that he did have a prior conviction, even though the State did not present a true test copy of the conviction; and (iii) failed to object to the PSI's reference to a previous possession with intent to distribute conviction.  These grounds were likewise argued and exhausted on post-conviction review.   Paper No. 14, Ex. 22 at 42-45; *see also* post-conviction grounds 12, 13, & 15.   Judge Berger held that Petitioner had failed to present reasons or legal authority to support his allegations that counsel's actions were deficient and that Mr. Cohen was ineffective.

### E.  Ineffective Assistance of Appellate Counsel

Petitioner raises twelve ineffective assistance of appellate counsel grounds, ten of which are subject to federal habeas corpus review.[8]  He claims that appellate counsel was ineffective because she failed to argue (i) that  the prosecutor erred in the language in the indictment; (ii) the various  issues objected to by trial counsel which were overruled; (iii) that Petitioner was prejudiced by wording in the second verdict sheet; (iv) that Officer Cover impermissibly testified on the ultimate issue;   (v) the propriety of Judge Holland's preliminary instructions to the jurors on relevant family members and her refusal to allow a juror to provide additional information; (vi) that the prosecutor improperly spoke for the defense in jury selection; (vii) the issue of trial court error when the judge did not strike juror 297 for cause; (viii) that Petitioner was

---

[8]      As noted above, ground (xi) and (xii) are barred from consideration pursuant to the procedural default doctrine.

prejudiced by the trial judge's failure to strike juror 297; (ix)  that the trial court erred in discharging juror 328; and (x) all recognizable issues Petitioner wanted her to raise.  These grounds were likewise argued and exhausted on post-conviction review.  Paper No. 14, Ex. 22 at 55-64; *see also* post-conviction grounds 25, 35, 51, 53, 54, 58, 56, 60, 61, & 64.

Judge Berger found that appellate counsel had concluded that the issues Petitioner had suggested for appellate review were irrelevant, and that counsel  made a tactical decision not to raise all the issues Petitioner had suggested for appellate review.   He further held that the issues were bald  allegations and that Petitioner had failed to meet his evidentiary burden for the granting of relief.

The Court has examined the court record and pleadings and finds no reason to overturn Judge Berger's determination with regard to the specific grounds of ineffective assistance presented herein.   The court finds that Judge Berger's numerous rulings were reasonable under applicable Supreme Court precedent and survive scrutiny under *Strickland*.   Further, with regard to any factual determinations, Judge Berger's decision was reasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. §§ 2254(d) & (e).

### Judicial Error During the Suppression Hearing

Petitioner raises two grounds against Judge Matricciani.  First, he alleges that the Judge erred in finding probable cause even though he did not rule on the officer's observation, expertise and consent.  This issue was raised on direct appeal and found to be without merit.  Next, he argues that Judge Matricciani erred when he found that Officer Cover was an expert in CDS packaging and distribution at the time of Petitioner's arrest.  This ground was argued and exhausted on post-conviction review.  Paper No. 14, Ex. 22 at 47-49; *see also* post-conviction ground 42.

14

To the extent that Petitioner is seeking to attack the admission of evidence at the suppression hearing, habeas corpus relief is not available to him.   *See Stone v. Powell*, 428 U.S. 465 (1976). Alternatively, based upon its review of the suppression hearing transcript, the Court of Special Appeals determination, and Judge Berger's findings, the Court finds no reason to overturn the decisions of the Maryland courts with regard to proffer and acceptance of Officer Cover as an expert.

The State courts properly reviewed and disposed of this claims, making further federal intervention unnecessary.

### Judicial Error at Trial and Sentencing

Petitioner raises eight grounds related to trial court error.  He claims that Judge Holland erred when she: (i) gave contrary jury instructions to the jury panel with regard to familial relationships; (ii) failed to give a juror the right to fully explain his reasons for approaching the bench; (iii) erred in the language used with respect to conspiracy; (iv) denied counsel's motion to dismiss the conspiracy counts; (v) overruled counsel's objection and then sustained it pertaining to testimony whether a juvenile was sent to a training school; (vi) submitted the verdict sheet to the jury; (vii) found that Officer Cover was an expert in CDS packaging and distribution at the time of Petitioner's arrest; and (viii) discharged juror 328.  These grounds were argued and exhausted on post-conviction review before Judge Berger.  Paper No. 14, Ex. 22 at 46-49; *see also* post-conviction grounds 47, 48, 27, 29, 37, 40, 43, & 58.   Judge Berger found that Petitioner had failed to present reasons and legal authority to support his claims.  This court has examined the trial transcript and the post-conviction decision finds no basis to overturn Judge Berger's ruling.

In addition, Petitioner complains that Judge Holland erred in sentencing him to a mandatory term of confinement.  This ground was raised and exhausted on direct appeal as a challenge under Maryland law. The Court of Special Appeals affirmed the trial court, finding neither error nor abuse.  *Id.*, Ex. 10.

Claims based on violations of state law or procedure that do not constitute an infringement of a specific constitutional protection or fundamental fairness are not cognizable on federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-75 (1991).  In this case, Petitioner has failed to identify any constitutional provision on which he bases this claim.  Petitioner was similarly silent on direct review.  Paper No. 14, Ex. 8.  Further, the decisions of the trial and appellate court are supported by Maryland state law.  The Supreme Court has recognized that "it is not within the province of a federal habeas court to reexamine state court determinations on state law questions."  *Estelle*, 502 U.S. at 67-68; *see also Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1994) (stating absent circumstances infringing a specific constitutional protection, admissibility of evidence does not present a federal question).  Consequently, Petitioner has failed to state a cognizable claim for federal collateral relief on this ground.  *See* 28 U.S.C. §2254(a).

### Juror Error

Petitioner complains that the jury erred in finding him guilty of three counts of conspiracy. This issue was presented on post-conviction review as ground 26 and fully examined by Judge Berger. Paper No. 14, Ex. 22 at 49-51.  Judge Berger concluded that Petitioner had raised a conclusory ground and had failed to set forth reasons to explain why the trial testimony did not support at finding of conspiracy

to distribute cocaine, conspiracy to possess cocaine with intent to distribute, and conspiracy to possess

cocaine.[9]

To the extent that Petitioner is raising this allegation as a sufficiency of the evidence claim, the Court

finds no evidence that the claim was properly raised in the state courts.   It is therefore procedurally

defaulted.   In any event, the allegation is without merit.  The constitutional standard for habeas corpus

review of a sufficiency of the evidence claim is whether, after reviewing the evidence in a light most

favorable to the prosecution, any trier of fact could find the essential elements of the crime beyond

reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Upon review of the trial transcript

and the testimony presented by various members of the Baltimore City Police Department, the Court finds

that there was sufficient evidence for the jury to reach a guilty finding on the conspiracy counts.

### Prosecutorial Misconduct

Petitioner asserts that State's Attorney Morrow acted improperly at trial and that perjured witness

testimony was knowingly admitted.   He raises five issues under this category.   He claims that: (i) the

prosecutor engaged in misconduct during closing arguments by making comments about the testimony

regarding the Petitioner's coat; (ii) there was perjured testimony from Officer Cover with regard to how

many people were standing on the street corner and regarding the color of Petitioner's coat; (iii) there was

perjured testimony from Officer Cover;[10] (iv) there was prosecutorial misconduct when inquiries were

---

[9]      Judge Berger also noted that the issue of whether the evidence was sufficient with regard
to a conspiracy count could have been, but was not, raised on direct appeal, and thus Petitioner was prohibited
from litigating the issue by post-conviction review.   Paper No. 14, Ex. 22 at 50-51.

[10]      Petitioner indicates that this ground was raised on post-conviction review as ground 24. Paper
No. 1.   An examination of the post-conviction petition shows that ground 24 was first presented as an
ineffective assistance of counsel claim.  Paper No. 14, Ex. 14.  In his next supplemental petition, however,

made regarding the cases of "Rushawn" Rogers and Donald Castle; and (v) there was prosecutorial misconduct when the prosecutor spoke for the defense in jury selection.  These grounds were raised and exhausted on post-conviction review.  Paper No. 14, Ex. 22 at 51-55; *see also* post-conviction grounds 20, 22, 38, & 56.   Judge Berger found no improper action on the part of the State and further found that Petitioner had failed to provide legal authority to support the allegation of prosecutorial misconduct.  He further concluded that Petitioner had failed to provide any evidence which showed that perjury was committed; that the State was aware that perjury was committed; and that the State knowingly used perjury.

Title 28 U.S.C. §2254(e) provides that factual findings by a state court are presumed to be correct.  A federal habeas corpus petitioner has the burden of rebutting this presumption with "clear and convincing evidence."  *Id*.  Petitioner has not met this burden. The only evidence he has presented is his own contention that the prosecutor acted improperly.  Any conflicting evidence was presented to the post-conviction court, and a determination was made against Petitioner.  It will not be second-guessed here.

### Due Process Violations

Petitioner alleges that he was denied due process when Officer Bull did not review his own report. This claim was presented on post-conviction review and denied by Judge Berger.  Paper No. 14, Ex. 22 at 65-66; *see also* post-conviction ground 33.   Judge Berger concluded that this ground could have been raised on appeal and that Petitioner was therefore precluded from raising it on post-conviction review.

---

Lomax raised a fair trial claim related to Officer Cover's alleged testimony.  *Id*., Ex. 15.

He alternatively found that Petitioner had failed to provide any legal authority in support of his contention that Officer Bull's failure to review his own report would have denied Petitioner a fair trial.   Upon examination of the transcript, the court sees no reason to overturn Judge Berger's determination.

In addition, Petitioner seemingly takes raises an "omnibus" due process challenge to the Court of Special Appeals of Maryland's ruling which affirmed  his convictions and to the Court of Appeals of Maryland decision to deny his petition for certiorari.   He simply raises questions of appellate court error. Petitioner may not, however, use a federal habeas corpus forum to raise such challenges to the decisions of the appellate state courts. *See Rose v. Hodges*, 423 U.S. 19, 21-22 (1975) (no federal habeas review to re-examine state court determinations of state law questions).

## V.  CONCLUSION

In light of the aforementioned rulings, the Petition for habeas corpus relief shall be denied.  A separate Order follows dismissing the Petition without a hearing.


Date:     June 10, 2005                                    /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge